UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-168-SEB-DKL |
| ) | |
| NICOLE GRAVES, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Order entered by the Honorable Sarah Evans Barker designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on July 10, 2013.  Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e).  Proceedings were held on July 25, 2013 and October 29, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 25, 2013, Nicole Graves (AGraves@) appeared in person and by appointed counsel, Bill Dazey.  On October 29, 2013, Graves appeared in person and by appointed counsel, Joe Cleary .  The government appeared on both dates by Josh Minkler, Assistant United States Attorney.  U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer on July 25, 2013 and by Shelly McKee, U. S. Parole and Probation officer on October 29, 2013 .

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C.  ' 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. ' 3583:

1. Graves was re-advised of the nature of the violations alleged against her and acknowledged receipt of the notice of said allegations.

2. On July 25, 2013 Graves stipulated that she committed Violations 1 through 10, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on July 10, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *AThe defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.@* <br><br> As previously reported to the Court, Ms. Graves was instructed numerous times by this officer to remit restitution payments on a regular basis; however, she has failed to do so.  Ms. Graves has been on supervision 23 months and has remitted only 7 payments. <br><br> On May 13, 2013, this officer personally instructed Ms. Graves to report to the probation office on June 5, 2013, at 12:30 p.m.  Ms. Graves failed to report as instructed. |
| 2 | *AThe defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.@* <br><br> As previously reported to the Court, Ms. Graves failed to maintain employment. Ms. Graves has not provided any documentation to suggest her employment status has changed. |
| 3 | *AThe defendant shall participate in an approved treatment program for mental health/substance abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment and random urinalysis, as directed by the Probation Officer.  Participation may also include compliance with a medication regimen.  The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. The defendant shall not use alcohol or other intoxicants during and after the course of treatment.@* <br><br> As previously reported to the Court, Ms. Graves failed to attend a mental health |

       treatment evaluation.   Ms. Graves has not provided any documentation to suggest she has satisfied this requirement.

**4**      *"If not obtained while in Bureau of Prisons= custody, the defendant shall participate in GED classes as approved by the U.S. Probation Office."*

       As previously reported to the Court, Ms. Graves failed to participate in GED classes as required. Ms. Graves has not provided any documentation to suggest she has enrolled in any classes.

**5**      *"The defendant shall pay restitution in the amount of $6,514.47 to Dahl=s Foods, Inc.  The defendant shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.   The defendant may be required to participate in an IRS offset program which may include the garnishment of wages, or seizure of all or part of any income tax refund to be applied toward the restitution balance.   You may be required to participate in the Treasury Offset Program which would include the seizure of any government payment to be applied toward the restitution balance."*

       As previously reported to the Court, Ms. Graves failed to remit a payment between the dates of July 23, 2012, and January 11, 2013.

       Since January 17, 2013, she has remitted three payments totaling $240.   The balance is currently $5,379.47.

**6**      *"The defendant shall refrain from any unlawful use of a controlled substance."*

**7**      *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."*

**8**      *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."*

       On February 26, and March 5, 18, 2013, Ms. Graves provided drug screens which tested positive for marijuana.   She admitted smoking marijuana on February 26, 2013, when she "hit it a couple times."   A subsequent urine specimen collected on March 27, 2013, tested negative.

**9**      *"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."*

       Ms. Graves failed to report for random drug screens on April 17, and 29, May 29, June 3, 5, 12, 17, 19, 24, and 26, 2013.   In addition, she failed to attend scheduled

    substance abuse treatment appointments on April 25, June 3, and 17, 2013.

  **10** *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."*

    Ms. Graves failed to submit her monthly supervision report for the month of May 2013, which was due by June 5, 2013.

3. All of the Violations as alleged are Grade C violations, pursuant to U.S.S.G. § 7B1.1(a)(2).

4. The criminal history category for Graves is I.

5. The term of imprisonment applicable upon revocation of Gladney's supervised release, therefore, is 3-9 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

6. On July 25, 2013, the parties agreed that disposition of this matter should be held in abeyance for 90 days.

7. On October 29, 2013, the parties agreed that Supervised Release should be modified to include a period of up to 120 days home confinement with electronic monitoring. The parties agreed that the costs be waived due to her financial status.

  The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Nicole Graves, violated the above-delineated condition in the Petition.

  Graves' supervised release is therefore **MODIFIED** to include a period of home confinement with electronic monitoring for a period of up to 120 days. The fees shall be waived due to her financial status.

  The Magistrate Judge requests that Shelly McKee, U. S. Parole and Probation Officer,

prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. ' 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge=s proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Ms. Graves supervised release to include a term of up to 120 days home confinement with electronic monitoring.   The fees will be waived due to her financial status.

.        **IT IS SO RECOMMENDED** this    11/06/2013

_Denise K. LaRue_ (signature)
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Josh J. Minkler
Assistant United States Attorney

Bill Dazey
Joe Cleary
Indiana Community Federal Defender


U. S. Parole and Probation

U. S. Marshal